UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DONNA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:18-CV-276-TAV-SKL |
| | ) |
| AMAZON FULFILLMENT SERVICES, INC. | ) |
| and MESKO SPOTTING SERVICE, INC. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Mesko Spotting Service, Inc.'s Motion to Extend Deadlines and to Dismiss the Plaintiff's Complaint as to Mesko Spotting Service, Inc. [Doc. 47]. Plaintiff filed a response [Doc. 53], and defendant Mesko Spotting Service, Inc. ("Mesko") filed a reply [Doc. 54]. This motion is now ripe for resolution.

The Court finds that plaintiff's claim against Mesko is time-barred. Therefore, Mesko's motion to dismiss is **GRANTED**.

**I.     Background**

The Court accepts as true all factual allegations in the complaint. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). On September 5, 2017, plaintiff, a truck driver, drove her truck to an Amazon fulfillment center to pick up a trailer [Doc. 37 ¶¶ 25, 28–29]. While she was connecting the trailer, either employees of Mesko or some other Amazon entity ("Amazon Defendants") placed a cone on the driver's side of plaintiff's truck without warning plaintiff [*Id.* ¶¶ 33–34]. As plaintiff stepped backwards

after connecting the trailer, she tripped over the cone, fell, and sustained injuries [*Id.* ¶¶ 35–36].

Plaintiff initially filed a complaint asserting a negligence claim on September 5, 2018, in state court[1] against Amazon.com, Inc, Amazon Fulfillment Services, Inc., Amazon Logistics, Inc., Amazon Retail LLC, Amazon.com Services, Inc., and Amazon.com.dedc, LLC. However, on July 6, 2020, plaintiff and these original defendants filed a joint motion for an agreed order to dismiss Amazon.com.dedc, LLC and Amazon.com, Inc. and to correct the name of Amazon.com Services LLC, initially identified as Amazon.com Services, Inc. [Docs. 34–34-1]. The Court accepted the agreed order [Doc. 35].

On July 16, 2020, plaintiff filed her amended complaint, which for the first time named Mesko in this action [Doc. 37]. Mesko was served on August 5, 2020 [Doc. 41 p. 3] and filed an answer on January 21, 2021 [Doc. 44]. Mesko then filed this motion, arguing plaintiff's claim against it is time-barred [Doc. 47]. In the event the Court denies Mesko's motion, Mesko asks the Court to extend the deadlines in this case [Doc. 48 p. 4].

Before the Court addresses these motions, Mesko requests that the Court extend the deadline for filing dispositive motions to July 16, 2021, so that Mesko's instant motion will be timely [Doc. 47]. Mesko explains that it was added to this action after the dispositive motions deadline expired [Doc. 48 p. 4]. Plaintiff does not oppose the extension [Doc. 53 p. 4].

---

[1] The state court action was removed to this Court on November 14, 2018 [Doc. 1].

2

In light of the lack of opposition and for good cause shown, Mesko's motion to extend the dipositive motions deadline to July 16, 2021 [Doc. 47] is **GRANTED**. Thus, Mesko's motion to dismiss was timely filed on July 15, 2021. The Court will now turn to the other motions.

## II.     Mesko's Motion to Dismiss

Mesko moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docs. 47, 48]. In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). This assumption of factual veracity, however, does not extend to bare assertions of legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557.

3

The Court will evaluate Mesko's motion pursuant to this standard.

### A. Parties' Arguments

Mesko asserts that plaintiff's negligence claim against it is time-barred by the one-year statute of limitations for tort actions under Tennessee Code Annotated § 28-3-104 [Doc. 48 p. 5].[2] *See* T.C.A. § 28-3-104(a)(1)(A) (2017). Mesko argues plaintiff's cause of action arose on September 5, 2017—the date she was injured—and therefore expired on September 5, 2018 [Doc. 48 p. 6]. Consequently, Mesko avers that because plaintiff did not amend her complaint to add Mesko until July 16, 2020, plaintiff's claim against Mesko is time-barred [*Id.*].

Plaintiff responds that the discovery rule permits a court to toll a statute of limitations until the plaintiff can reasonably discover the defendant [Doc. 53 p. 5]. Here, plaintiff argues she could not reasonably have discovered Mesko until February 27, 2020, because it was only then that plaintiff received interrogatories from the Amazon Defendants that for the first time identified Mesko as the entity that maintained the loading dock where plaintiff was injured [*Id.* at 4, 6; Doc. 53-3 p. 2].

Plaintiff provides several reasons why she could not discover Mesko before this time. First, all signage at the distribution center displayed the Amazon logo and thus plaintiff believed the center was owned and operated by an Amazon entity [Doc. 53 p. 1].

---

[2] Mesko anticipated plaintiff would defend under Tennessee Code Annotated § 20-1-119 and Federal Rule of Civil Procedure 15, and Mesko provided anticipated argument under that authority [Doc. 48 pp. 6–7]. Because plaintiff does not actually defend on these bases [*See generally* Doc. 53], the Court need not address these arguments.

4

Second, plaintiff's trucking company had executed a delivery agreement with Amazon, and it did not mention Mesko as maintaining the loading dock [*Id.* at 1–3; Doc. 53-2]. Third, Amazon Fulfillment Services, Inc.'s notice of removal indicates it owns the distribution center and does not otherwise indicate that an Amazon entity was not responsible for operating the loading dock [Doc. 53 p. 2; Doc. 1 ¶ 8]. Fourth, Amazon Fulfillment Services, Inc.'s answer admits that it "owned, operated, and/or managed" the fulfillment center [Doc. 53 p. 2; *see also* Doc. 1-1 ¶ 3; Doc. 12 ¶ 3]. Fifth, Amazon Fulfillment Services, Inc.'s answer provides that Amazon Fulfillment Services, Inc. lacked sufficient information to answer whether the Amazon Defendants "controlled and maintained" the distribution center [Doc. 53 pp. 2–3; *see also* Doc. 1-1 ¶ 29; Doc. 12 ¶ 14]. Sixth, in Amazon Fulfillment Services, Inc.'s initial disclosures, where it named individuals likely to have discoverable information, Amazon Fulfillment Services, Inc. named only Amazon personnel and did not identify Mesko [Doc. 53 p. 3; Doc. 53-1 p. 2].

For these reasons, plaintiff concludes that even the Amazon Defendants did not know what entity operated the loading dock until February 27, 2020, and that it would be "patently unfair" to require plaintiff to have greater knowledge than the entity that owned the distribution center. [Doc. 53 pp. 3–6]. Moreover, plaintiff argues that these facts could reasonably lead her to believe that an Amazon entity maintained the loading dock, especially considering Amazon Fulfillment Services, Inc. admitted to owning the distribution center [*Id.* at 6]. Thus, plaintiff argues the statute of limitations tolled until plaintiff discovered Mesko [*Id.*].

5

Mesko replies that the discovery rule should not apply for several reasons [Doc. 54 pp. 5–8].  First, Mesko argues plaintiff knew at the time of her accident that she may have had a cause of action against Amazon entities, and rather than filing immediately, she elected to wait until the date the statute of limitations would expire [*Id.* at 5].  Mesko avers plaintiff should have filed the complaint sooner so that she would have had access to discovery tools that she could have used to discover Mesko sooner [*Id.* at 5, 7].  Mesko submits a reasonable plaintiff would have done so because she knew she was injured on Amazon property and thus that she could have a claim against an Amazon entity [*Id.* at 7].  Because she did not do so, Mesko notes it took plaintiff three years—rather than a few months—to identify Mesko [*Id.*].

Second, to rebut the reasons plaintiff argues she could not have identified Mesko sooner, Mesko avers plaintiff could have undertaken additional independent investigative efforts to identify Mesko even before plaintiff filed the complaint [*Id.* at 6].  Finally, Mesko argues that it is plaintiff's burden to satisfy the discovery rule and that, to meet this burden, plaintiff should have filed an affidavit or other evidence with her response detailing why the actions she took to discover Mesko failed [*Id.* at 6, 8].

**B.     Analysis**

For the reasons discussed below, the Court finds that plaintiff has not met her burden to establish that the statute of limitations tolled.

Tennessee Code Annotated § 28-3-104 provides a one-year statute of limitations for actions for "injuries to the person."  T.C.A. § 28-3-104(a)(1)(A) (2017).  After the

6

defendant has provided a prima facie case that a claim is barred by the statute of limitations, the burden shifts to the plaintiff to demonstrate the plaintiff's claims should not be time-barred.[3] *Redwing v. Cath. Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 464, 467 (Tenn. 2012). A plaintiff can meet its burden by utilizing the discovery rule. Under the discovery rule, a cause of action accrues and thus the statute of limitations begins to run only when the injury is discovered "or when in the exercise of reasonable care and diligence, it should have been discovered." *Schultz v. Davis*, 495 F.3d 289, 292 (6th Cir. 2007) (citation omitted). In other words, the statute of limitations begins to run "when the plaintiff has actual knowledge of 'facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury as a result of wrongful conduct.'" *Redwing*, 363 S.W.3d at 459 (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995)) (alteration in original).

In their briefing, both parties assume without discussing that a statute of limitations tolls under the discovery rule during the time that the plaintiff could not have reasonably discovered the identity of the defendant. While there is conflicting authority on the issue, it appears that under current Sixth Circuit jurisprudence—applying Tennessee law—the statute of limitations does *not* toll during the period before a plaintiff can determine the defendant's identity. *See Schultz*, 495 F.3d at 292–93; *Warter v. Volunteer Taxi, Inc.*,

---

[3] The Court finds—and plaintiff does not appear to dispute—that Mesko has met its burden to set forth a prima facie case that plaintiff's claim is time-barred. Mesko has done so by setting forth the date plaintiff was injured and that Mesko was not joined in this action until after the statute of limitations expired.

7

No. 3-14-1981, 2016 WL 1244712, at *2, *2 n.3 (M.D. Tenn. Mar. 30, 2016) (citing generally *Redwing*, 363 S.W.3d 436). *But see Redwing*, 363 S.W.3d at 458–59 ("[T]he discovery rule . . . include[s] not only the discovery of the injury but also the discovery of the source of the injury.").

The parties each cite *Redwing*, where the Tennessee Supreme Court cited several of its previous opinions and suggested the discovery rule tolls a statute of limitations during the time the plaintiff cannot reasonably discover the defendant's identity, even if the injury has been discovered. *Id.* (first citing *Sherrill v. Souder*, 325 S.W.3d 584, 595 (Tenn. 2010); then citing *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998); then citing *Wyatt v. A-CandS, Co.*, 910 S.W.2d 851, 855 (Tenn. 1995); and then citing *Foster v. Harris*, 633 S.W.2d 304, 305 (Tenn. 1982)).

In *Schultz*, though, the Sixth Circuit held the discovery rule tolls the statute of limitations only when the *injury—not the defendant*—cannot reasonably be discovered. 495 F.3d at 292–93. *Schultz* was decided before *Redwing*, but in every post-*Redwing* Sixth Circuit case on the issue, the courts have followed *Schultz* and limited the *Redwing* rule to its facts. *See Miller v. Shultz*, No. 3:19-cv-308-TAV-DCP, 2021 WL 2168952, at *4 n.6 (E.D. Tenn. May 27, 2021) (following *Schultz* and distinguishing *Foster*); *Warter*, 2016 WL 1244712, at *2, *2 n.3 (following *Schultz* and distinguishing *Redwing* and *Foster*); *Ruge v. Bailey Co., Inc.*, No. 3-13-0448, 2015 WL 4042201, at *2–3 (M.D. Tenn. July 1, 2015) (following *Schultz* and distinguishing *Redwing*, *Sherrill*, and *Foster*); *see also Willis v. Wal-Mart Stores, Inc.*, 819 F. Supp. 2d 700, 703–04 (M.D. Tenn. 2011) (pre-

8

*Redwing* case identifying the split of authority but following *Schultz* and distinguishing *Foster*). The Sixth Circuit has not directly re-addressed this issue since *Schultz*.[4]

For these reasons, the Court must follow *Schultz*. Accordingly, as a matter of law, the statute of limitations could not toll during the period after plaintiff knew she was injured yet did not know of Mesko. Therefore, the Court finds the statute of limitations did not toll even though plaintiff only discovered Mesko in February 2020.

Nevertheless, the Court finds that even if *Schultz* did not apply, the statute of limitations did not toll because plaintiff has not established she could not have discovered Mesko by exercising reasonable diligence. *See Redwing*, 363 S.W.3d at 459 (citation omitted). The authority that provides that the statute of limitations tolls during the time that the defendant cannot be discovered recognizes:

> [T]he plaintiffs cannot simply wait for information regarding a potential defendant to come to them. They have a duty to investigate and discover pertinent facts 'through the exercise of reasonable care and due diligence. . . .' If their lack of knowledge was due to a lack of due diligence, they will not be allowed to plead ignorance and effectively extend the statute of limitations, by way of the discovery rule, simply because they later discovered "new" information that they "reasonably should have discovered" much earlier.

*Grindstaff v. Bowman*, No. E2007-00135-COA-R3-CV, 2008 WL 2219274, at *6 (Tenn. Ct. App. May 29, 2008) (citation omitted).

---

[4] Though, in *Smith*, the Sixth Circuit stated the *Redwing* rule and cited the cases that *Redwing* cited. *See Smith v. J.J.B. Hilliard, W.L. Lyons, LLC*, 578 F. App'x 556, 563, 565 (6th Cir. 2014). However, *Smith*'s holding did not rely on the *Redwing* rule. And most of the above-cited Sixth Circuit district court cases were decided after *Smith*, yet they rejected the *Redwing* rule without discussing *Smith*.

9

For example, in *Willis v. Wal-Mart Stores, Inc*, the plaintiff sued when a deer stand he purchased from Wal-Mart broke and caused him to fall. 819 F. Supp. 2d at 701. About two years after the accident, the plaintiff filed an amended complaint to add defendants that the plaintiff suspected were the manufacturers or suppliers of the deer stand. *Id.*

The *Willis* court held that even if inability to discover the correct defendant could toll the statute of limitations, the plaintiff had failed to meet its duty to exercise reasonable care and diligence in identifying the correct defendants. *Id.* at 704. Among other things, the court reasoned that while the plaintiff had requested information regarding the manufacturer's identity from Wal-Mart, there was no evidence the plaintiff conducted any other independent investigation to discover the correct manufacturer's identity. *Id.* at 704—05. Additionally, the court noted that "[f]inding the identity of the correct manufacturer was not within the exclusive control of Wal-Mart, . . . and Wal-Mart was under no duty to do Plaintiff['s] investigative work." *Id.* at 704 n.8. The court further highlighted that the defendants were not added until two years after the plaintiff's injury and suggested that fact alone demonstrated the plaintiff's lack of diligence. *Id.* at 705.

Similarly, in *Schultz*, the Sixth Circuit held the statute of limitations did not toll. 495 F.3d at 293. Like in *Willis*, the Sixth Circuit found that even if inability to discover the correct defendant could toll the statute of limitations, the plaintiff did not exercise reasonable care and diligence. *Id.* at 292–93. As to one defendant, the Sixth Circuit noted that the plaintiff completely failed to independently investigate who owned the property on which she was injured, which was relevant because the property owner "potentially" had

control over the premises at the time of the plaintiff's injury. *Id.* at 293 n.1. And as to another defendant, the Sixth Circuit noted that the plaintiff should have sought to discover the identity of the entity that created the dangerous condition—there, negligently stacking sheetrock. *Id.* at 293.

Here, even assuming *Schultz* does not per se prevent tolling, the Court finds that plaintiff has not established that she could not have discovered Mesko with reasonable care and diligence. Several of the same factors that were present in *Willis* are applicable here. For example, four of plaintiff's explanations for not locating Mesko rely on the Amazon Defendants' filings or discovery. Yet plaintiff identifies no independent investigation she undertook after her injury to discover whether an entity other than an Amazon entity maintained the loading dock. Indeed, like in *Willis*, it is unlikely that "[f]inding the identity of the [Mesko] was . . . within the exclusive control of [the Amazon Defendants], . . . and [the Amazon Defendants were] under no duty to do plaintiff['s] investigative work." *Willis*, 819 F. Supp. 2d at 704 n.8. At the very least, plaintiff has not provided sufficient evidence to establish Amazon Defendants had exclusive information regarding Mesko that plaintiff could not have otherwise obtained, and therefore, her conclusory argument that it is "patently unfair" to charge her with greater knowledge than Amazon Defendants is meritless [*See* Doc. 53 pp. 3–6]. Moreover, as Mesko notes, nearly three years passed between the time plaintiff suffered her injury and the time when she amended her complaint to add Mesko. *See Willis*, 819 F. Supp. 2d at 705.

11

Further, several aspects of this case mirror *Schultz*. It is true that, unlike in *Schultz*, plaintiff did seek to ascertain who owned the Amazon fulfillment center and that an Amazon entity admitted to *owning* the center. But plaintiff has not established that this evidence could reasonably lead her to believe that no other entity *maintained* the center. The *Schultz* court recognized that the entity that owns a premises where a plaintiff is injured is "potentially" in control of the premises. 495 F.3d at 293 n.1. But here, the issue is who in fact maintained the premises at the time of plaintiff's injury, and plaintiff has not demonstrated she independently investigated that fact or that doing so would have been futile.

The closest evidence plaintiff provides is that Amazon Fulfillment Services, Inc.'s answer admitted that it "owned, operated, *and/or* managed" the fulfillment center and therefore plaintiff had no need to further investigate [Doc. 53 p. 2; *see also* Doc. 1-1 ¶ 3 (emphasis added); Doc. 12 ¶ 3]. But even this evidence is nonprobative because the use of "and/or" effectively only alleges that an Amazon entity owned, operated, *or* managed the fulfillment center. This admission does not suggest, however, that Amazon actually maintained the facility, exclusively or in conjunction with another entity. This is especially true considering, as plaintiff herself noted, that Amazon Fulfillment Services, Inc. also admitted in its answer that it had no knowledge who "controlled and maintained" the premises [Doc. 1-1 ¶ 29; Doc. 12 ¶ 14]. If anything, these two admissions are inconsistent and would have led a reasonable plaintiff to further independently investigate who in fact maintained the premises.

12

Plaintiff's only argument resembling personal investigation into this issue is that she noted the signage at the Amazon fulfillment center and reviewed the trucking contract [Doc. 53 pp. 1–3; Doc. 53-2]. But reasonable diligence should have led plaintiff to conduct further independent investigation specifically to determine whether anyone else *maintained* the premises either exclusively or in conjunction with Amazon. *See Schultz*, 495 F.3d at 293. Furthermore, as the plaintiff in *Schultz* had a duty to independently investigate who negligently stacked the sheetrock, here, a reasonably diligent plaintiff would have investigated precisely which entity was responsible for negligently placing the cone that caused plaintiff to trip. *See id.*

For the foregoing reasons, plaintiff failed to establish that the exercise of reasonable diligence would not have led to the discovery of Mesko sooner. Accordingly, plaintiff has not met her burden to establish the statute of limitations tolled. Thus, the statute of limitations bars plaintiff's claim against Mesko, and plaintiff cannot state a plausible claim for relief against Mesko. Therefore, Mesko's motion to dismiss is **GRANTED**.

### III.  Plaintiff's Motion for Additional Discovery and/or to Amend the Complaint

Anticipating that the Court may grant Mesko's motion to dismiss on the current record, plaintiff requests additional time for discovery and/or to amend her complaint [Doc. 53 p. 4]. Plaintiff suggests additional discovery or an amendment may establish that she reasonably could not have known of Mesko's identity sooner.

13

A court should not grant leave to amend if amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). The same applies to a motion for additional discovery. *See Estes v. JI-EE Indus. Co.*, No. 5:17-CV-322-KKC, 2019 WL 320565, at *4–5 (E.D. Ky. Jan. 24, 2019).

First, as discussed above, as a matter of law under *Schultz*, the inability to discover a defendant's identity does not support tolling the statute of limitations. *See Schultz v. Davis*, 495 F.3d 289, 292–93 (6th Cir. 2007). Yet this is precisely the issue about which plaintiff seeks additional discovery and/or to amend. Therefore, any amendment or additional evidence from discovery as plaintiff requests would per se be futile.

Moreover, even without *Schultz*, plaintiff is not entitled to additional discovery or to amend. Plaintiff has not specifically identified the information she seeks or how that information would change the outcome. Instead, plaintiff has only included a conclusory alternative request for additional discovery or leave to amend, and these types of cursory requests are insufficient without further explanation. *See Swanigan v. FCA US LLC*, 938 F.3d 779, 789–90 (6th Cir. 2019) (suggesting that a short, conclusory request for leave to amend nested as an alternative in a motion to dismiss should be denied). What is more, to the extent plaintiff seeks to show additional investigative efforts she undertook, only plaintiff knows of these efforts, so additional discovery would necessarily be fruitless.

Therefore, plaintiff's motion for additional discovery and/or to amend the complaint [Doc. 53 p. 4] is **DENIED**.

## IV. Mesko's Motion to Extend Deadlines

Anticipating the Court may deny its motion to dismiss, Mesko requested a continuance of all deadlines in this case. Because the Court has found that plaintiff's claim against Mesko must be dismissed, Mesko's alternative motion to extend deadlines is **DENIED AS MOOT**.

## V. Conclusion

For the reasons set forth above, Defendant Mesko Spotting Service, Inc.'s Motion to Extend Deadlines and to Dismiss the Plaintiff's Complaint as to Mesko Spotting Service, Inc. [Doc. 47] is **GRANTED in part and DENIED in part.** Mesko's request to extend the dispositive motions deadline and to dismiss is **GRANTED**. Therefore, Mesko's motion to extend the other deadlines [*Id.*] is **DENIED AS MOOT**. Further, plaintiff's motion for additional discovery and/or to amend [Doc. 53 pp. 4, 6–7] is **DENIED**. Accordingly, plaintiff's claim against Mesko is **DISMISSED WITH PREJUDICE**.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE